UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cr-00244-MOC-DSC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **JOANNE VIARD,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion to Dismiss Count Six. While represented by different counsel, the motion filed by this defendant is nearly identical to the motion (and brief) filed by her codefendant the following day. While the court welcomes vigorous advocacy, the court reiterates the concerns expressed in its earlier Order (#37) (disposing of Defendant Kipp's motion) as to arguments that could invite error. The court has considered the motion, defendant's Memorandum of Law (#30) in support, and the government's Memorandum in Response (#34). The Order that follows is, like the motions and briefs, nearly identical to the Order entered as to Defendant Kipp's motion.

In considering a Motion to Dismiss a count of an indictment, Rule 7(c)(1), Federal Rules of Criminal Procedure, provides, that an indictment need only contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Id. It is defendant's burden to show this court that "the allegations therein, even if true, would not state an offense." United States v. Thomas, 367 F.3d 194, 187 (4th Cir. 2004). An indictment is sufficient if it "'contains the elements of the offense intended to be charged, 'and sufficiently apprises the

1

defendant of what he must be prepared to meet.'' United States v. Hooker, 841 F.2d 1225, 1227 (4th Cir. 1988) (quoting Russell v. United States, 369 U.S. 749 (1962)).

> The Fourth Circuit's test for sufficiency is whether the indictment sets forth the essential elements of the offense and sufficiently apprises the appellant of the charge so that the appellant may be able to prepare a defense and may be able to plead a former conviction or acquittal in the event of a subsequent charge for a similar offense.

United States v. Izuogu, No. 90-5778, 1991 WL 21653, at *3 (4th Cir. June 3, 1991). Important here, sufficiency of the evidence is not to be conflated with sufficiency of the indictment. United States v. Ring, 628 F. Supp. 2d 195, 223 (D.D.C. 2009).

> On a motion to dismiss an indictment, the question is not whether the government has presented sufficient evidence to support the charge, but solely whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense. For the most part, this does not involve any examination of the evidence.

United States v. Todd, 446 F.3d 1062, 1068 (10th Cir. 2006) (internal citations omitted).

In this case, defendant's argument focuses on what can only be termed the sufficiency of the evidence, not sufficient of the indictment, United States v. Perry, 757 F.3d 166, 173 (4th Cir. 2014), going so far astray as to rely on evidence developed in underlying civil litigation. This court's determination is to be based solely upon the allegations set forth in the criminal indictment. United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006) ("In ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the face of the indictment…"). This court's review is simply limited to the allegations in the indictment.

Further, defendant has relied on legal arguments that eradicate the distinction between the burden of proof at trial and sufficiency of the pleadings. For example, defendant relies on United States v. Fowler, 131 S.Ct. 2045 (2011) for imposing a "reasonable likelihood" standard for establishing a federal nexus. The court will be glad to hear that argument at the conclusion of the

2

government's evidence under Rule 29, but it has nothing to do with the sufficiency of the charge. See id. at 2049-53. Indeed, the Fourth Circuit has explicitly warned that such reliance is "misplaced." Perry, 757 F.3d at 173.

Finally, defendant's argument that she could not have violated § 1512(b)(3) because there was no pending or imminent criminal investigation finds no support as a matter of law. The Fourth Circuit has clearly held that, even at trial, the United States need not prove an investigation was pending at the time of the obstructive conduct: "we join our sister circuits in recognizing that the government need not prove that a federal investigation was in progress at the time the defendant committed" the obstructive conduct. United States v. Ramos-Cruz, 667 F.3d 487, 498 (4th Cir. 2012) (emphasis added). Indeed, the statute itself provides, as follows: "[f]or purposes of this section – (1) an official proceeding need not be pending or about to be instituted at the time of the offense…" 18 U.S.C. § 1812(f). Something that the government is not required to prove at trial does not need to be alleged in an indictment.

For these reasons and for the other reasons more thoroughly discussed in the government's responsive brief, the Motion to Dismiss is **DENIED**.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Dismiss Count Six (#29) is **DENIED**.

Signed: February 2, 2016

Max O. Cogburn Jr.
United States District Judge